# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MALCOLM VIRGIL**, | Case No. 3:17-cv-1322-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **WELLS FARGO BANK N.A.**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Malcolm Virgil filed a Complaint on August 24, 2017, alleging that Wells Fargo, his employer at the time of the relevant facts, discriminated against him on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964. Defendant filed a motion to dismiss (ECF 15), arguing that Plaintiff's claim was untimely filed. Plaintiff has not responded to Defendant's motion.

> Before a claimant can file a Title VII civil action, she must file a timely charge of discrimination with the [Equal Employment Opportunity Commission ("EEOC")]. If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. This ninety-day period is a statute of limitations. Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred.

*Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) (internal citations omitted); *see also* 42 U.S.C. § 2000e-5(f)(1). If the EEOC dismisses the charge, it "shall so notify the person aggrieved" in a right-to-sue notice (or "letter"). The 90-day limitations period begins to run on the "giving of such notice." 42 U.S.C. § 2000e-5(f)(1); *see also Nelmida*, 112 F.3d at 383 ("The language of the statute establishes the 90-day period as running from the 'giving of such notice' rather than from the date claimant actually 'receives' such notice in hand.").

Plaintiff admits in his Complaint that he received his right-to-sue letter on May 20, 2017. The 90-day limitations period, therefore, ended on August 18, 2017. Plaintiff filed his Complaint on August 24, 2017. Plaintiff's claims are therefore barred by the statute of limitations. *See Nelmida*, 112 F.3d at 383 (discussing *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992), in which the Ninth Circuit concluded that a claimant whose daughter received and signed for the claimant's right-to-sue notice on November 1, 1988, but who did not read the letter until a few days later and filed his lawsuit on February 2, 1989, was barred by the 90-day limitations period). Defendant's motion to dismiss is GRANTED and Plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 20th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge